IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VANESSA BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CV-309-NJR-DGW |
| ) | |
| TOYOTA BOSHOKU AMERICA, INC. ) | |
| d/b/a TOYOTA BOSHOKU ILLINOIS, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). Section 1332 of Title 28 states that a corporation shall be deemed to be a citizen of any state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business. The state of incorporation and the principal place of business must be alleged in the Complaint. *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009), *quoting* 28 U.S.C. 1332(c)(1). Here, Plaintiff asserts that Defendant is a foreign corporation, "licensed and doing business in the State of Illinois." (Doc. 1, p. 1). In order to correctly assert the basis of this Court's subject matter jurisdiction, Plaintiff will need

to specifically allege Defendant's state of incorporation and principal place of business in the Complaint.

Additionally, the Court notes that Defendant's name is styled as "Toyota Boshoku America, Inc., d/b/a Toyota Boshoku Illinois, LLC." If Toyota Boshoku Illinois, LLC is also a separate business entity, then Plaintiff also must plead the citizenship of Toyota Boshoku Illinois, LLC, in the Complaint. *See McDonald v. Household Intern., Inc.*, 425 F.3d 424, 426 (7th Cir. 2005) ("The complaint referred to United HealthCare 'd/b/a United Health Insurance Company,' but the latter is also a separate corporation . . . ."). The law of this Circuit plainly provides that, if a party is an LLC, its citizenship depends on the citizenship of each of its members. *See, e.g., Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012) ("a limited liability company's citizenship includes every state of which any unit holder is a citizen").

Lastly, the amount in controversy must exceed "$75,000, *exclusive of interest and costs*" for the Court to have diversity jurisdiction over the case. 28 U.S.C. § 1332 (emphasis added). The Complaint alleges that the amount in controversy is believed to exceed $75,000, but does not allege the amount in controversy, *exclusive of interest and costs*.

Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amended Complaint on or before **April 24, 2017**, to properly set forth the basis for this Court's jurisdiction. If Plaintiff fails to file an Amended Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish subject matter jurisdiction, the Court will dismiss the action for lack of subject matter

jurisdiction. *See Guaranty Nat'l Title Co. Inc. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996).

  **IT IS SO ORDERED.**

  **DATED:  March 27, 2017**

*[signature]*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**