IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VANESSA BLACK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:17-CV-309-NJR-DGW |
| TOYOTA BOSHOKU ILLINOIS, LLC, | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Vanessa Black brings this action against Defendant Toyota Boshoku Illinois, LLC, for violation of Section 4(h) of the Illinois Workers' Compensation Act. Black asserts this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]

On August 4, 2017, Black moved for a Clerk's Entry of Default pursuant to Rule 55(a). On August 8, 2017, a Clerk's Entry of Default was entered as to Defendant (Doc. 19). On August 17, 2017, Toyota Boshoku filed a Motion to Set Aside the Clerk's Entry of Default (Doc. 21) and a Motion for Leave to File Answer to Second Amended Complaint (Doc. 23). Plaintiff has not responded to the Motion to Set Aside the Clerk's Entry of Default or the Motion for Leave to File the Answer.

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c) which provides that "the court may set aside an

---

[1] Black is a citizen of Illinois; the sole member of Toyota Boshoku Illinois, LLC, is Toyota Boshoku America, Inc., a Kentucky corporation with its principal place of business in Kentucky; and the amount in controversy, exclusive of interest and costs, exceeds $75,000. (*See* Docs. 11, 12).

entry of default for good cause . . . ." FED. R. CIV. P. 55(c). A party wishing to have entry of default vacated prior to entry of a default judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Board of Trustees of University of IL*, 473 F.3d 799, 810 (7th Cir. 2007). "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, where relief under Rule 60(b) is more "limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *see Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). The Seventh Circuit Court of Appeals has repeatedly expressed a policy of favoring trial on the merits over default judgment. *Cracco*, 559 F.3d at 631; *Sun*, 473 F.3d at 811 (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). Thus, a default should "only be employed in extreme situations, or when less drastic sanctions have proven unavailing, or when a party willfully disregards the litigation." *Local No. 1118 Indiana Const. Trades Health and Welfare Trust Fund Painters v. Forsey Const. Inc.*, No. 3:11-CV-168, 2012 WL 12674, at *2 (N.D. Ind. Jan. 3, 2012) (citing *Sun*, 473 F.3d at 811)).

In support of its motions, Toyota states that it was never properly served. (Doc. 22, p. 5). Service was allegedly executed by a Deputy of the Sheriff of Lawrence County on an individual named Rudy Shaffer, a night shift employee at Toyota. (Doc. 22, p. 5). Toyota alleges that service was not properly executed because Mr. Shaffer is not a party to this litigation and is not an officer or agent of Toyota. (Doc. 22, p. 7). As a

result, service could not be effected through either Federal Rule of Civil Procedure 4(e)(1) or 4(h). (Doc. 22, p. 5). Further, Toyota alleges that it did not become aware of the action until after the Clerk's Entry of Default. (Doc. 22, p. 8). As soon as Toyota became aware of the pending action and Clerk's Entry of Default, counsel for Toyota contacted Black's Counsel by phone and email. (Doc. 22, p. 8). Further, Toyota moved quickly to address the default, filing this Motion to Set Aside within seven days of the Clerk's Entry of Default. (Doc. 21). Finally, Toyota alleges that it has a meritorious defense. Specifically, Toyota alleges that Black was terminated because she abandoned her job, not in retaliation for her workers' compensation claim. (Doc. 22, p. 9).

Accordingly, for good cause shown, the Court **GRANTS** the Motion to Set Aside the Clerk's Entry of Default (Doc. 21) and the Motion for Leave to File Answer to Second Amended Complaint (Doc. 22). It is **ORDERED** that the Entry of Default against Defendant Toyota Boshoku (Doc. 19) be set aside. Defendant shall file its answer within **seven days** of this Order.

**IT IS SO ORDERED.**

DATED:   September 6, 2017

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**